[Cite as *State v. Williams*, 2011-Ohio-6745.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff–Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| KENNETH WILLIAMS | : | Case No. 2011CA00064 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Canton Municipal
                                                            Court, Case No. 2011TRC227


JUDGMENT:                                      Affirmed


DATE OF JUDGMENT:                      December 27, 2011


APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

ANTHONY RICH                              DEREK LOWRY
218 Cleveland Avenue, SW             116 Cleveland Avenue, NW
P.O. Box 24218                                Suite 800
Canton, OH  44701-4218               Canton, OH  44702

*Farmer, J.*

{¶1}  On January 8, 2011, appellant, Kenneth Williams, was involved in a one car accident.  Ohio State Highway Patrol Trooper Nicholas Goodnite arrived on the scene between 5:00 a.m. and 5:15 a.m.  A second trooper, Trooper Michael Masiella, arrived at approximately 6:00 a.m.  Following an investigation, on January 10, 2011, appellant was charged with operating a motor vehicle while under the influence in violation of R.C. 4511.19(A)(1)(a) and (A)(1)(h) and failure to control a vehicle in violation of R.C. 4511.202.

{¶2}  A jury trial commenced on March 8, 2011.  The jury found appellant guilty of the (A)(1)(a) charge and the failure to control charge and not guilty of the (A)(1)(h) charge.  By judgment entry filed March 10, 2011, the trial court sentenced appellant to one hundred eighty days in jail, all but twenty days suspended.

{¶3}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}  "THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

II

{¶5}  "THE APPELLANT WAS DENIED HIS RIGHT TO FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT."

I

{¶6}     Appellant claims his conviction for operating his motor vehicle while under the influence in violation of R.C. 4511.19(A)(1)(a) was against the sufficiency and manifest weight of the evidence.  We disagree.

{¶7}     On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State v. Jenks* (1991), 61 Ohio St.3d 259.  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307.  On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Martin* (1983), 20 Ohio App.3d 172, 175.  See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52.  The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."  *Martin* at 175.

{¶8}     Appellant was convicted of R.C. 4511.19(A)(1)(a) which states, "[n]o person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation***[t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶9} Appellant was found not guilty of R.C. 4511.19(A)(1)(h) which prohibits an individual from operating a motor vehicle when the individual "has a concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath."

{¶10} Appellant argues the jury's not guilty verdict on the (A)(1)(h) charge, as well as the undisputed evidence that he consumed alcohol after the crash, call into question the jury's guilty verdict on the (A)(1)(a) charge. Appellant argues because the jury rejected the uncontested BAC test of .171, the jury lost its way in convicting him of the (A)(1)(a) charge. T. at 84. It is appellant's position that the jury's rejection of the (A)(1)(h) charge means it did not find his impaired abilities caused the accident. We find the jury's verdict not to be incompatible with the not guilty finding of the (A)(1)(h) charge. Appellant admitted to drinking after the accident, therefore the jury could have rejected the BAC result as a valid indication of his condition before the accident.

{¶11} Appellant also argues the state failed to establish a nexus between the accident and impaired driving. The crux of appellant's defense was that the state failed to establish that he was impaired at the time of the crash. Appellant claimed the accident occurred around 3:00 a.m. (T. at 31), he had consumed alcohol before and after the accident (T. at 71), he was drunk at the time the troopers arrived on the scene as he had "hunkered down" and drank a six-pack while waiting for help (T. at 32, 131), and he failed the field sobriety tests administered at approximately 6:00 a.m. T. at 83-84. The matter centered around the troopers' credibility and their opinions and beliefs that the accident was a fresh crash given that the tire tracks were not covered over with

snow and were visible at 5:15 a.m. and 6:00 a.m., and the warmth of the vehicle's engine and interior.  T. at 46-47, 54, 59, 69-70, 91.

{¶12}  It was appellant's position that he called his friend Terry Benedict for help around 3:00-3:30 a.m., and he consumed a six-pack of beer between that time and the 5:15 a.m. arrival of Trooper Goodnite.  T. at 32, 107.  Appellant drank two Captain and Cokes at a bar just before closing at 2:00 a.m., and purchased a six-pack of Bud Light at that time.  T. at 115-120.  However, only one beer bottle was found at the scene.  T. at 70.  Mr. Benedict was not told that there had been an accident, but that the vehicle was "messed-up."  T. at 113.  These inconsistencies, coupled with the photographs of the vehicle not covered with snow and the video from the cruiser, lend credibility to the troopers' opinions on the time of the accident.

{¶13}  Upon review, we find the condition of the vehicle and the tire tracks and the lack of any other beer bottles at the scene to be sufficient facts to establish appellant's impairment at the time of the accident.

{¶14}  Assignment of Error I is denied.

II

{¶15}  Appellant claims the prosecutor's misconduct denied him a right to a fair trial.  We disagree.

{¶16}  The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused.  *State v. Lott* (1990), 51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596.  In reviewing allegations of

prosecutorial misconduct, it is our duty to consider the complained of conduct in the contest of the entire trial. *Darden v. Wainwright* (1986), 477 U.S. 168.

{¶17} Appellant argues the prosecutor in opening statement referred to a statement made by a non-disclosed witness, improperly impeached his own witness (Trooper Goodnite), improperly inquired on cross-examination of Mr. Benedict about incriminating hearsay statements and of the bartender, Gary Ferguson, on how often appellant visited the bar, and made improper comments during closing argument.

{¶18} During opening statement, the prosecutor stated the following:

{¶19} "The first trooper you're gonna hear from is Trooper Goodnite, and he was the first trooper to arrive on scene. It was at the end of his shift, he was on his way home, so he went to the scene. When he got to the scene first thing he did was talk to the ambulance technicians on the scene. First thing they told him...

{¶20} "BY MR. LOWRY: Objection, Your Honor, as to what the EMS individuals told the trooper.

{¶21} "BY THE COURT: Sustained.

{¶22} "You'll hear that he had conversations with EMS. You will hear that he then had a conversation with the defendant. First thing he noticed about the defendant, the odor of alcohol on his breath." T. at 26-27.

{¶23} No ambulance or EMS workers testified at trial. During Trooper Goodnite's direct examination, he stated, "Initially when I arrived on scene I – I talked to the ambulance EMS. They had advised that he did have an odor of alcohol on him…" T. at 40. The trial court sustained an objection to this statement. *Id.* The issue of

appellant's alcohol consumption and impairment at the scene was undisputed by appellant. T. at 131. We find no prejudice to appellant.

{¶24} During Trooper Goodnite's direct testimony, the prosecutor attempted to refresh his memory with the crash report. T. at 44-45. It was clear that Trooper Goodnite had no personal recollection of the incident as he was going off shift and was merely getting "things rolling" for Trooper Masiella. T. at 48. The timing of the crash had to be after the bar closed at 2:00-2:30 a.m. per appellant's own witness, Mr. Ferguson. T. at 115. Trooper Goodnite testified as to the visibility of the tire tracks, and the warmth of the vehicle's engine and interior, as well as the lack of snow on the car. T. at 46-47. These facts lead to his opinion that the crash occurred close to the time of his arrival on the scene, approximately 5:00 a.m. to 5:15 a.m. Although the mode of refreshing Trooper Goodnite's recollection was inadequate, the facts upon which Trooper Goodnite founded his opinion were separate and apart from the refreshed recollection. Also, the jury had independent sources for determining the facts regarding snow and tire tracks, i.e., photographs and video.

{¶25} Appellant argues the prosecutor's questioning of Mr. Benedict on cross-examination was prejudicial:

{¶26} "Q. Good morning, sir. My name's Anthony Rich. Um, I actually called your house yesterday and talked to your wife and she told me a little bit about the situation that happened, so I just kinda want to ask you a couple of questions. You said that he [appellant] call you a couple of times…

{¶27} "A. Yes.

{¶28} "Q. …that night. And your wife answered the phone…

**{¶29}** "A. Yes.

**{¶30}** "Q. ...first.  About three or four times you'd say?

**{¶31}** "A. Uh, yeah.  She - she was trying to get the phone, yeah.

**{¶32}** "Q. I mean, and the defendant, he never talked, never said hello, anything like that when she answered the phone.  It was just silence, right?

**{¶33}** "BY MR. LOWRY: Objection, Your Honor, as to what occurred between my client and a witness who's not here."  T. at 109-110.

**{¶34}** The trial court sustained the objection.  T. at 110.  We fail to find anything prejudicial in this line of questioning.

**{¶35}** Appellant also claims during Mr. Ferguson's cross-examination, the prosecutor improperly asked him how often appellant visited the bar.  T. at 118.  The objection to the question was sustained.  Id.  We fail to find any prejudice to appellant.

**{¶36}** Appellant argues during closing, the prosecutor commented on the lack of any witnesses presented regarding appellant's whereabouts before 12:30 a.m., and improperly stated that Mr. Ferguson testified appellant was impaired.  T. at 125, 139.  Defense counsel objected to these statements and the trial court sustained the objections.  T. at 125, 140.  As for the mischaracterization of Mr. Ferguson's testimony, the trial court immediately instructed the jury to disregard it.  T. at 140.  The trial court properly instructed the jury on sustained objections and on the rule that arguments of counsel do not constitute evidence.  T. at 143-144.

**{¶37}** Upon review, we find the complained of instances do not equate to any prejudice to appellant.

**{¶38}** Assignment of Error II is denied.

{¶39} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ Patricia A. Delaney_____

JUDGES

[Cite as *State v. Williams*, 2011-Ohio-6745.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee              :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
KENNETH WILLIAMS                       :
                                       :
    Defendant-Appellant             :          CASE NO. 2011CA00064


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed. Costs to appellant.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ Patricia A. Delaney_____

                  JUDGES